## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CALEB KANATZAR,

                              Plaintiff,

        v.                                        CASE NO. 22-3036-SAC

JEFF ZMUDA, et al.,

                              Defendants.


## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was a prisoner at the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas.  He has since been transferred to the El Dorado Correctional Facility.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 5.)  This matter is before the Court for screening Plaintiff's Complaint under 28 U.S.C. § 1915A.

### 1.  Nature of the Matter before the Court

Plaintiff claims in his Amended Complaint (Doc. 9) that he has been subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment as a result of poor air quality.  Plaintiff states that he was held in long term segregation ("LTS") at HCF for approximately three years.  The entire time he has been in LTS, he has been confined in a cell with a solid sliding door for at least 23 hours a day.  According to Plaintiff, "A" Cellhouse, where the LTS cells are located, does not have an HVAC-style ventilation system.  Instead, there is a pipe chase behind the cells where the plumbing and electrical wiring for the cells can be accessed.

Vents in the cells open directly into the pipe chase.  During the day, an exhaust fan pulls air out of the cells and into the pipe chase.  At night, the fan is reversed, and unfiltered air is blown into the cells.

Plaintiff alleges that the pipe chase has not been cleaned in at least the three years he has spent in LTS, and it is filled with dust, mold, remnants of sewage from repeated plumbing malfunctions, mouse and bird droppings, and dead mice and birds.  He points out that facility staff are aware of these conditions because they must enter the pipe chase to manually flush the toilets of the MRA cells.  Moreover, Plaintiff filed several grievances, which he attached to his Amended Complaint along with the responses he received.

Plaintiff asserts that since being housed in "A" Cellhouse, he has experienced respiratory problems that have progressively worsened.  He now suffers from daily asthma attacks and requires an Albuterol inhaler to help him breathe.  Plaintiff states that he had no breathing problems before being housed in "A" Cellhouse.

Plaintiff names as defendants Jeff Zmuda, Secretary of the Kansas Department of Corrections ("KDOC"); Dan Schnurr, Warden of HCF; Darcie Holthaus, KDOC Facility Management; FNU Agnew, Unit Team Manager at HCF; J. Jackson, Unit Team Manager; FNU Hullet, Maintenance Supervisor at HCF; Joyce Hicks, Infection Control Nurse at HCF; FNU Pettijohn, Unit Team at HCF.  Plaintiff seeks compensatory damages of $100,000 from each defendant; punitive damages of $100,000 from each defendant; and injunctive relief closing "A" Cellhouse until it is brought up to current HVAC standards and moving Plaintiff to a cell equipped with adequate ventilation.  Plaintiff further requests certification of a class of all inmates who are or will be housed in "A" Cellhouse.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### A. Injunctive Relief

Plaintiff properly notified the Court that he has been transferred to the El Dorado Correctional Facility.  Because Plaintiff is no longer detained at HCF, his requests for injunctive relief are moot.  Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies.  *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).  "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing."  *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*.  Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."  *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974).  The Tenth Circuit has applied this principle to § 1983 actions brought by inmates and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement.  *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776

F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide that relief to the plaintiff. Because Plaintiff is no longer incarcerated at HCF, his claims for injunctive relief are moot and subject to dismissal.

### B.  Request for Class Certification

In addition, Plaintiff's request for class certification is denied.  "A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class."  *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)).  "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class."  *Id*. (citation omitted).  The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000) concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"  *Id*. at 1321 (citation omitted).  Plaintiff, appearing pro se, cannot adequately represent a class.  Any request to certify a class is denied.

### C.  Conditions of Confinement Claim

To state a claim for violation of the Eighth Amendment due to a condition of confinement, a plaintiff must show that the defendants acted with deliberate indifference to a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Therefore, "[f]irst, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Id*.  To satisfy the objective component, a

prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

"The rule is that 'a state must provide within [a prisoner's] living space reasonably adequate ventilation.'" *Strope v. Sebelius*, 189 F. App'x 763, 766 (10th Cir. 2006) (quoting *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980)). "The failure to provide basic necessities, if sufficiently prolonged and severe, can satisfy the objective prong" of the deliberate indifference test. *Allen v. Avance*, 491 F. App'x 1, 4 (10th Cir. 2012) (citing *Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996)). "This inquiry turns not only on the severity of the alleged deprivations, but also on their duration." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). "The difference between enduring certain harsh conditions for seven weeks versus six months may be constitutionally significant." *Id.*

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*.

Plaintiff alleges that he spent at least 23 hours a day for three years in a cell with substandard air quality, and as a result, his respiratory system was damaged. He further alleges that the defendants were aware of his deteriorating condition but failed to take action to remedy the alleged cause.

### D.  *Martinez* Report

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the HCF. *See Martinez v. Aaron*, 570 F.2d

317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials of the HCF to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

### E.  Defendant Zmuda

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation.  *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation.  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.

2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Plaintiff's allegations regarding Defendant Zmuda are that his designee denied an emergency grievance regarding the ventilation system and denied Plaintiff's appeal of Defendant Schnurr's response to a grievance.  Plaintiff has not stated a claim against Defendant Zmuda, and he is therefore dismissed from this action.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)     The Court will enter a separate e-service order directing the Clerk of Court to serve Defendants.

(2)     The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report within **sixty (60) days** following the electronic filing of the Waiver of Service Executed. Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint.  If the Amended Complaint survives screening, the Court will enter a separate order setting an answer deadline.  Therefore, any answer deadline provided in the waiver of service is not controlling.

(3)     Officials responsible for the operation of HCF are directed to undertake a review of the subject matter of the Amended Complaint:

a.     To ascertain the facts and circumstances;

b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

c.     To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

(4)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(5)     Authorization is granted to the officials of HCF (and the El Dorado Correctional Facility where Plaintiff now resides) to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)     No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that Plaintiff's request for injunctive relief is dismissed as moot.

**IT IS FURTHER ORDERED** that Plaintiff's request for class certification is denied.

**IT IS FURTHER ORDERED** that Jeff Zmuda is dismissed from this action.

Copies of this order shall be transmitted to Plaintiff and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated April 21, 2022, in Topeka, Kansas.**

**s/  Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**