IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALEB KANATZAR,

                Plaintiff,

     v.                                    CASE NO. 22-3036-SAC

JEFF ZMUDA, et al.,

                Defendants.

**O R D E R**

This matter is before the Court on two motions. The first is a Motion for Appointment of Counsel (Doc. 14) filed by Plaintiff. Plaintiff's motion is denied at this time. There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that Plaintiff has asserted a colorable claim.  The Court has ordered the preparation of a *Martinez* report but has not yet made the determination of whether or not Plaintiff's claim survives the initial screening required by 28 U.S.C. § 1915.  Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time.  However, this denial is made without prejudice.  If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

The second motion before the Court is a Motion for Extension of Time (Doc. 15) filed by Interested Party Kansas Department of Corrections (KDOC).  KDOC requests an extension of 30 days to complete the *Martinez* report ordered by the Court.  Counsel for KDOC states that additional time is needed to obtain affidavits from 11 relevant witnesses, as well as medical records and a medical opinion. Counsel further states that Plaintiff was contacted and does not oppose the motion.  This is KDOC's first request for an extension to file the *Martinez* report.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 14) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Interested Party KDOC's Motion for Extension of Time (Doc. 15) is to file a *Martinez* report is granted.  The deadline for KDOC to file a *Martinez* report is **July 20, 2022**.

**IT IS SO ORDERED**.

**Dated June 21, 2022, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE